United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 9, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41497
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE HERNANDEZ-MARTINEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1062-ALL
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jorge Hernandez-Martinez (Hernandez) pleaded guilty to
illegal reentry after deportation and was sentenced to 77 months
of imprisonment, three years of supervised release, and a $100
special assessment.

Hernandez argues that the district court committed
reversible error when it sentenced him pursuant to the mandatory
Federal Sentencing Guidelines system held unconstitutional in
United States v. Booker, 543 U.S. 220 (2005).  The erroneous

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

application of the guidelines as mandatory is technically a "Fanfan error."  See United States v. Martinez-Lugo, 411 F.3d 597, 600 (5th Cir.), cert. denied, 126 S. Ct. 464 (2005).  The Government implicitly concedes that Hernandez preserved his Fanfan claim for appeal and that the issue is reviewed for harmless error.  See United States v. Walters, 418 F.3d 461, 463 (5th Cir. 2005).

Hernandez argues that he is entitled to resentencing because application of the Sentencing Guidelines as mandatory constituted structural error.  However, this issue is foreclosed.  See id. Hernandez also contends that the record does not disclose that the district court's error was harmless.  The Government argues that any error by the district court was harmless because the district court acted reasonably in taking into account the Sentencing Guidelines, the 18 U.S.C. § 3553(a) sentencing factors, and the presentence report when it sentenced Hernandez, and it notes that the district court did not express "dismay or frustration" in sentencing Hernandez within the guideline range. The sentencing transcript is silent with regard to whether the district court would have applied the same sentence had the Guidelines been advisory only.  Furthermore, Hernandez's 77-month term of imprisonment is at the bottom of the applicable guideline range.  Under such circumstances, the Government has not met its burden of proving the error harmless beyond a reasonable doubt.

See id. We therefore VACATE the sentence and REMAND for resentencing in accordance with Booker.

Hernandez's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Hernandez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Hernandez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review. The judgment of conviction is AFFIRMED.

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.